# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 1:21CR00057-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROBERT RUSSELL DAWSON II,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this criminal case, the defendant, relying on *Bruton v. United States*, 391 U.S. 123 (1968), has filed a motion to sever his trial from that of his codefendant charged in this case. In the alternative, the defendant moves to bar the admission of incriminating statements made by the codefendant. For the reasons stated, I will deny the defendant's motion.

I.

The defendant, Robert Russell Dawson II, is charged with Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count Three).

On May 9, 2021, Dawson and his codefendant, Michael Miller, were allegedly involved in the robbery of Bare's Discount Tobacco and Wine store in Abingdon, Virginia. A masked individual entered the store and demanded money from the store clerk. The store clerk says that the individual placed an object on the counter that might have been a firearm. The individual took two cartons of cigarettes and thirty-five dollars. The incident was recorded on the store's security camera system.

On May 11, 2021, Miller was interviewed by law enforcement. At issue are various incriminating statements made by Miller during this interview about his and Dawson's involvement in the incident. At various points, Miller explicitly refers to Dawson by name. Miller is not expected to testify at trial. The government has advised defense counsel that it intends to introduce some of Miller's statements at trial.

Dawson argues that the introduction of the statements at the joint trial violates his Sixth Amendment right to confront all witnesses against him, requiring severance under *Bruton v. United States*, 391 U.S. 123 (1968). Alternatively, the defendant moves to exclude Miller's statements from trial. In response, the government argues that neither severance nor exclusion of the statements is warranted, as the statements are either not facially incriminating, or where Miller explicitly references Dawson by name, the statements have been redacted. Specifically, the government redacted the statements to include nonspecific terms, such as "the other person" or "that

person" or "another person," and replaced "he" pronouns with a gender-neutral "they" pronouns, or "another person," which do not directly or implicitly reference the defendant.  Gov't's Resp. Opp'n Ex. A at 1–4, ECF No. 58-1.  It is only when linked with other evidence that the statements become incriminating.  The defendant, however, argues that the government's proposed redactions impermissibly change the meaning of the statements.

The motion has been fully briefed by the parties and is ripe for decision.[1]

II.

The Sixth Amendment states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  To guarantee protection of this right, it is well-settled law that a non-testifying codefendant's statement that refers to and directly incriminates another defendant is barred from being introduced at their joint trial, even if the jury is instructed to consider the statement only against the declarant.  *Bruton*, 391 U.S. at 135–37.  The Court determined that "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of

---

[1] I previously issued an Opinion and Order in this case that was premature because it was entered prior to the receipt of the defendant's reply brief.  I vacated the earlier decision and granted the defendant an extension to file the reply.  On February 14, 2022, the defendant filed the reply brief,  ECF No. 66, which I have fully considered.

failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id.* at 135.

In subsequent cases, the Court clarified that the *Bruton* rule does not apply to all incriminating codefendant statements. First, in *Richardson v. Marsh*, the Court held the Sixth Amendment's Confrontation Clause is not implicated so long as the codefendant's statement "is redacted to eliminate not only the defendant's name, but any reference to his or her existence." 481 U.S. 200, 211 (1987). This remains true even if the statement inferentially incriminates the defendant "when linked with evidence introduced later at trial." *Id.* at 208. In other words, the *Bruton* rule applies only to statements that are "facially incriminating." *Id.* at 211.

Later, in *Gray v. Maryland*, the Court held that a codefendant statement is still facially, not just inferentially, incriminating, if the government "replace[s] a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notif[ies] the jury that a name has been deleted." 523 U.S. 185, 195 (1998). Thus, whether the codefendant's statements violate the Sixth Amendment "depend[s] in significant part upon the *kind* of, not the simple *fact* of, inference." *Id.* at 196.

In that case, after being asked who beat up the victim, the codefendant's redacted confession stated: "Me, , and a few other guys." *Id.* at 192. At trial, the government's witness read the confession to the jury, saying "deleted" or "deletion," where the blank spaces appeared. *Id.* The Court concluded the statement still

offended *Bruton*, reasoning that unlike in *Richardson*, the inference "involve[d] statements that, despite redaction, obviously refer[red] directly to someone, often obviously the defendant, and which involve[d] inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." *Id.* at 196.  The redacted confession's accusation was in essence "'more vivid than inferential incrimination.'"  *Id.* (quoting *Richardson*, 481 U.S. at 208).

The Court then considered whether the statement, if redacted differently, would have passed constitutional muster, for instance, if the statement had said "Me and a few other guys," instead of "Me, deleted, deleted, and a few other guys." *Id.* It is this remaining issue that has puzzled the lower courts, and to which I must address in deciding this motion:  whether, and in what contexts, the use of neutral terms and generic pronouns still implicate *Bruton* and its progeny.  The rule is straightforward: a non-testifying codefendant's statement does not violate the Sixth Amendment unless it is facially, not inferentially, incriminating, even if the defendant's name is redacted.  Finding the line between permissible and impermissible inferences requires more of an explanation.

The Fourth Circuit has held where the codefendant's statement is altered by replacing the defendant's name with a generic pronoun, or the neutral phrase "another person," or "another individual," it does not offend *Bruton* so long as it reasonably "referred generally and without facial incrimination to some number of

individuals who could, or could not, be the other defendants." *United States v. Min*, 704 F.3d 314, 321 (4th Cir. 2013). In other words, the statements must not "implicate any one defendant in particular," or "leave the jury to fill in any obvious blanks." *Id*. The redaction of a codefendant's statement is permissible so long as it "does not distort the statements' meaning." *United States v. Lighty*, 616 F.3d 321, 350 (4th Cir. 2010) (internal quotation marks and citation omitted).

### III.

Applying this rule, I must consider the language of the statements as well as the surrounding context. After reviewing Miller's statements, and considering the arguments of counsel, I find that Miller's statements are not facially incriminating. First, with the government's redactions, none of the statements explicitly implicate Dawson by name. Second, the redactions further make the statements gender neutral, replacing "he" with either "another person" or "they," removing even the slightest reference to the defendant. The statements also do not reasonably implicate Dawson in particular or explicitly refer to the underlying criminal conduct such that even the use of a generic pronoun is more than inferentially incriminating.

Instead, the statements reference the existence of another person who may or may not be the defendant. This person was in a car with Miller when they went to Burger King and when they stopped by a gas station earlier on the same day of the robbery. Gov't's Resp. Opp'n Ex. A, at 3, ECF No. 58-1. This person knew that

Miller knew someone named Beth, who worked at the gas station. *Id.* at 3, 4. This person stayed at the house of someone named Brian that night. *Id.* at 4. This person also took Miller's green jacket. Miller dropped this person off at the gas station because "they" had to meet someone, while he went to get gas. *Id.* at 3. None of these statements are facially incriminating as to the declarant, let alone Dawson. Only when connected with other evidence do these innocuous activities of Miller and the other "person" (Dawson) on the day of the robbery implicate their involvement.[2]

At one point, Miller joked to "the person" that "*we* could just rob this place," while standing outside the store, to which the law enforcement officer asks Miller who made the statement — him or "another person." *Id.* at 4 (emphasis added). Miller responds that "[he] said it," but that he was "literally just joking." *Id.* This statement is certainly incriminating as to the declarant (Miller), as it could establish if he intended or had an agreement with another to commit the robbery. But it is not facially incriminating as to Dawson, or "Rupe." It does not indicate, for example, that Dawson agreed with Miller, or that he said anything in response that could have also implicated him in the scheme.

---

[2] Defense counsel indicates that Miller also stated to law enforcement, "I think my buddy robbed her." Def's Mot. 2, ECF No. 57. This specific statement is not included in the interview transcript provided by the government. In any event, I find that "my buddy" is a generic term that does not facially implicate the defendant.

In sum, I find that none of Miller's statements implicate *Bruton* and the proposed redactions do not impermissibly change the meaning of the statements.[3]

IV.

For these foregoing reasons, it is **ORDERED** that the defendant's Motion to Sever, ECF No. 57, is DENIED. I will allow the admission of the Miller's statements if redacted as indicated herein.[4]

ENTER: April 5, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] The government provided the court a transcript of the interview with its proposed redactions to the statements. Gov't's Resp. Opp'n Ex. A, ECF No. 58-1. The government did not indicate how it intends to introduce the statements at trial. Whether introduced by testimony or as written statements, the government should avoid including any brackets or other indicators that would notify the jury that the statements have been redacted. In other words, the redacted statement should be: "LEO: Was another person in the car with you or something? Or was another person riding around with you?" *Id.* at 2.

[4] If introduced by the government, I will instruct the jury that the statements may be considered only as to Miller. The government has also indicated that it "may seek to introduce some or all of these statements at trial," and that it "reserves the right to introduce additional statements from Miller's lengthy interview, redacted as might be necessary." Gov't's Resp. Opp'n 6 n.3, ECF No. 58. If the government seeks to introduce additional statements, the government must first provide a copy of the statements with the proposed redactions to the court for approval.