# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:21CR00057-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROBERT RUSSELL DAWSON, II,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, and Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Monica D. Cliatt, First Assistant Federal Public Defender, Roanoke, Virginia, and Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Before the court is the defendant's oral Motion in Limine to preclude the government's introduction at trial of a video of the defendant on the ground that it contains potentially prejudicial matters. For the reasons stated, I will deny the defendant's motion.

The defendant, Robert Russell Dawson, II, is charged with Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count Three).

Dawson and his codefendant, Michael Dereck Miller, were allegedly involved in the robbery of a retail convenience store. A masked individual, alleged by the government to be Dawson, entered the store and demanded money from the store clerk. The clerk says that the individual placed an object on the counter that might have been a firearm. The individual took two cartons of cigarettes and thirty-five dollars. The incident was recorded on the store's security camera system.

The government intends to introduce at trial a short eight-second video with sound, seized by the government from a cell phone. The video shows Dawson and Miller together in a vehicle, with Miller behind the wheel, holding a puppy, and Dawson beside him. The audio consists of rap music playing, in which the lyrics include the word "motherfucker." Dawson is seen for a few seconds at the end of the video mouthing the words of the song and making an "ok" gesture with his fingers.

The defendant urges the court to preclude the video, or alternatively, to allow only a shortened video in which the curse word is not heard and the hand gesture is not seen. The defendant contends that he will suffer unfair prejudice by the introduction of the curse word and further such prejudice from the "ok" gesture in question because it has been identified with political extremists and white supremacy, citing a 2019 broadcast from National Public Radio.

In response, the government opposes refusal of the video or its redaction, on the grounds that it is not unfairly prejudicial, and that its redaction would remove the video's only clear, unobstructed view of Dawson's face, material to the government's case.

I will deny the motion.  In its discretion, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.  "[U]nfair prejudice" within the meaning of Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal quotation marks and citation omitted).  "[E]vidence that includes vulgar language is routinely admitted into evidence." *United States v. Haynes*, No. 19-cr-0250(1)(WMW/ECW), 2021 WL 3186154, at *5  (D. Minn. July 28, 2021); *see also United States v. Currier,* 836 F.2d 11, 18 (1st Cir. 1987) (holding that a tape recording disclosing the defendant using expletives did not render the evidence unfairly prejudicial); *United States v. Bright*, 630 F.2d 804, 814 (5th Cir. 1980) (holding that "given the mores of today's society," it is unlikely that the defendant's use of offensive language would be unduly prejudicial);.

In this time and culture, it is unlikely that the curse word here would be sufficiently shocking to jury members to cause them to ignore their obligation to find guilt only beyond a reasonable doubt.  In addition, even accepting that the "ok"

gesture has been co-opted by some far right or white supremist groups, it is also unlikely that the jury would (1) perceive any such connection or (2) attribute it to the defendant.[1]  In other words, its probative value is not substantially outweighed by the potential danger of unfair prejudice.  *See United States v. Stradwick*, Nos. 94-5095, 94-5097, 94-5098, 1995 WL 20672, at *4 (4th Cir. Jan. 20, 1995) (unpublished) (holding that a letter containing an "offhand racial slur" was not unduly prejudicial).  There will be no evidence that the defendant is an adherent of any such group or that the crimes charged involve any ideological or racist motive. Thus, there is minimal risk that the jury would react irrationally to the evidence.

For these reasons, it is **ORDERED** that the defendant's oral Motion in Limine, ECF No. 79, is DENIED.[2]

---

[1]  Other benign expressions, words, and symbols have apparently been claimed by far right groups, including orange hats (Proud Boys); the Betsy Ross flag; the year 1776 surrounded by stars in a circle; the roman numeral III (Three Percenters); the letter "Q"; an image of male militia figure (Oath Keepers); the words "America First"; Pepe the Frog; the term "kek;" and Norse imagery.  *Identifying far-right symbols that appeared at the U.S. Capitol riot*, Wash. Post (Jan. 15, 2021) https://www.washingtonpost.com/nation/interactive/2021/far-right-symbols-capitol-riot/.  Likely all are beyond the ken of the average citizen or juror.

[2]  In a separate written Motion in Limine, the defendant also sought preclusion of evidence of Dawson's alleged motorcycle gang involvement and his prior misdemeanor conviction and related protective order.  At oral argument the government disclaimed any intent to introduce such evidence and I thus found the request to be moot.  In addition, I denied the request to preclude an ATF agent's testimony identifying Dawson's voice from the store's security camera video, subject to a proper foundation.

- 5 -

ENTER: July 6, 2022

/s/ JAMES P. JONES
Senior United States District Judge